# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

UNIFUND CCR PARTNERS,

    PLAINTIFF/COUNTERCLAIM
    DEFENDANT,

vs.                                                                    CASE NO. CV 08-J-1464-S

S.M. BLAYLOCK,

    DEFENDANT/COUNTERCLAIM
    PLAINTIFF

vs.

ZB LIMITED PARTNERS; CREDIT CARD
RECEIVABLES FUND; PALISADES
COLLECTION, LLC; and DAVID J.
ROSENBERG,[1]

    COUNTERCLAIM DEFENDANTS.

## **MEMORANDUM OPINION**

Pending before the court is counterclaim defendant Palisades Collection, LLC's notice of removal (doc. 1) and defendant/counterclaim plaintiff S.M. Blaylock's motion to remand (doc. 10). Also pending is counterclaim defendant David Rosenberg's motion to dismiss (doc. 9).

---

[1] This defendant is properly named David G. Rosenburg, according to defendant Rosenberg's pending motion to dismiss (doc. 9).

Counterclaim defendant Palisades Collection, LLC ("Palisades"), removed this action from the Circuit Court of Jefferson County, Alabama, asserting this court has jurisdiction under 28 U.S.C. §§ 1331. The case was first filed in February 25, 2008, when plaintiff Unifund CCR Partners filed suit in the Circuit Court of Jefferson Count, against defendant Blaylock for $21,056.81, stating claims for account stated and breach of contract. On March 28, 2008, Blaylock filed an answer and counterclaims against the plaintiff as well as four other entities, listed as counterclaim defendants. All of the counterclaims were based on state law causes of action. On August 11, 2008, Blaylock filed an amended counterclaim to include an additional counterclaim defendant and to state violations of the Fair Debt Collections Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Palisades then filed its notice of removal on August 15, 2008.

In its Notice of Removal, Palisades asserts that federal question jurisdiction exists under 28 U.S.C. § 1331 because in the amended counterclaims filed on August 11, 2008, defendant Blaylock asserted claims for violations of the FDCPA and FCRA based on plaintiff Unifund's attempts to collect an alleged debt from defendant Blaylock.

Under 28 U.S.C. § 1331, this court has original jurisdiction of all civil proceedings arising under the Constitution, laws, or treaties of the United States.

Palisades's Notice of Removal relies on 28 U.S.C. § 1441 for removal of this claim. This Code section states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending ..."

Palisades bases its removal on the claims Blaylock asserted against Unifund. In a case examining the question of which parties may remove, the Sixth Circuit Court of Appeals noted that "only 'the defendant or the defendants' may remove under § 1441(a) ...." *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir.2002); citing *Johnston v. St. Paul Fire & Marine Ins. Co.*, 134 F.Supp.2d 879, 880 (E.D.Mich.2001) ("[T]he majority view [is] that third- party defendants may not remove under § 1441(a)."); *Galen-Med, Inc. v. Owens*, 41 F.Supp.2d 611, 614 (W.D.Va.1999) (same); *Schmidt v. Ass'n of Apt. Owners*, 780 F.Supp. 699, 702 (D.Haw.1991) ("The majority view is that the determination of who is a defendant is determined by the original complaint, not subsequent third or fourth-party complaints."). This is also the position taken by two of the leading treatises on civil procedure. The Court in *Curry* further noted that "[c]ounterclaims, cross-claims, and third- party claims cannot be the basis for removal" under § 1441(a). *Curry*, 301 F.3d at 462, citing ALI, Federal Judicial Code Revision Project § 1441 cmt. at 24 (Tent.

Draft No. 3, April 30, 1999). *See also Salge v. Buchanan,* 2007 WL 1521738 (S.D.Tex.2007) (collecting cases).

The well-pleaded complaint rule requires that a federal cause of action be stated on the face of the complaint before defendant may remove the action based on federal question jurisdiction. *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F.Supp.2d 1117, 1118 (D.Minn.2001); citing *In re Otter Tail Power Co.*, 116 F.3d 1207, 1213 (8th Cir.1997). As in *Duckson*, the removal in this case is based solely on the defendant's counterclaims and third-party claims improperly styled as counter-claims. However, as the *Duckson* Court noted, federal question jurisdiction is determined solely by the allegations contained in the plaintiff's complaint. *Id.*, citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "It is well established that a defendant cannot remove based on a counterclaim." *Duckson*, 139 F.Supp.2d at 1118; citing *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661, 667 (7th Cir.1986); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir.1985).

Similarly, the Eleventh Circuit has stated that "whether an action raises a federal question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d

1087, 1090 (11th Cir.2002), citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Perhaps most convincingly, the United States Supreme Court has considered this very issue, and instructed as follows:

> ....Respondent argues that the well-pleaded-complaint rule, properly understood, allows a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. We disagree.
>
> Admittedly, our prior cases have only required us to address whether a federal defense, rather than a federal counterclaim, can establish "arising under" jurisdiction. Nevertheless, those cases were decided on the principle that federal jurisdiction generally exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added). As we said in *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913), whether a case arises under federal [] law "cannot depend upon the answer." Moreover, we have declined to adopt proposals that "the answer as well as the complaint ... be consulted before a determination [is] made whether the case 'ar[ises] under' federal law ... ." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, n. 9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (citing American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts § 1312, pp. 188-194 (1969)). It follows that a counterclaim-which appears as part of the defendant' answer, not as part of the plaintiff' complaint-cannot serve as the basis for "arising under" jurisdiction. *See, e.g., In re Adams*, 809 F.2d 1187, 1188, n. 1 (C.A.5 1987); *FDIC v. Elefant*, 790 F.2d 661, 667 (C.A.7 1986); *Takeda v. Northwestern National Life Ins. Co.*, 765 F.2d 815, 822 (C.A.9 1985); 14B *C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure* § 3722, pp. 402-414 (3d ed.1998).

>  Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the plaintiff is "the master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, ... to have the cause heard in state court." *Caterpillar Inc., supra*, at 398-399, 107 S.Ct. 2425. The rule proposed by respondent, in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a defendant to remove a case brought in state court under state law, thereby defeating a plaintiff's choice of forum, simply by raising a federal counterclaim. Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (internal quotation marks omitted). And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a "quick rule of thumb" for resolving jurisdictional conflicts. *See Franchise Tax Bd., supra*, at 11, 103 S.Ct. 2841.
>
>  For these reasons, we decline to transform the longstanding well-pleaded-complaint rule into the "well-pleaded-complaint-or-counterclaim rule" urged by respondent.

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*. 535 U.S. 826, 830-832, 122 S.Ct. 1889, 1893-1894 (2002).

In an attempt to avoid this rule of law, Palisades asserts that the defendant's counterclaims (perhaps more properly styled as third-party claims, at least against defendant Palisades,) are separate and independent from the original claim. *See North Star Capital Aquisitions, LLC v. Krig*, 2007 WL 3522425 (M.D.Fla.2007),

(citing *H&R Block, Ltd. v. Housden*, 24 F.Supp. 703, 706 (E.D.Tex.1998))(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The court disagrees. The counterclaims by Blaylock directly relate to the collection efforts taken against her by the plaintiff. Each of Blaylock's counterclaims arise from Unifund's attempt to collect over $21,000.00 from her.[2]

Having considered the foregoing, and being of the opinion the motion to remand is due to be granted, the court shall so rule and shall remand this case to the Circuit Court of Jefferson County, Alabama, Bessemer Division, by separate order.[3] The court shall leave the issue of David Rosenberg's motion to dismiss to the state court for consideration after remand.

**DONE** and **ORDERED** this the 4th day of September, 2008.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2] None of the parties have set forth any basis for this court to determine the plaintiff and various defendants' relationship to each other. Defendant Blaylock calls all of the counterclaim defendants "Unifund," which is, of course, the plaintiff. The court notes that either they are all related, and hence the defendant's claims are properly styled as "counterclaims," or they are not all related, and the parties added by defendant's pleadings should properly be styled "third-party defendants."

[3] Nothing in the FDCPA or FCRA mandates jurisdiction in federal court. The FCRA allow claims to proceed in "any court of competent jurisdiction." 15 U.S.C. § 1681p (FCRA). The FDCPA allows actions to be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction."15 U.S.C. 1692k(d).